## THE BERKSHIRE.

### NORFOLK & W. R. CO. et al. v. THE BERKSHIRE.

(District Court, D. Rhode Island.  December 26, 1893.)

COLLISION—COASTING VESSELS—ACT FEB. 13, 1893.

> The third section of the act of February 13, 1893, which in terms exempts vessels in the coasting trade and their owners from all liability in certain cases, applies only to the mutual rights and liabilities of owners and shippers, and does not abolish liability to third persons for collisions, or other marine torts.

In Admiralty.  Libel by the Norfolk & Western Railroad Company and others against the steamer Berkshire to recover damages for a collision.  Heard on exceptions to the answer.  The exceptions are sustained.

This is a libel in admiralty for a collision.  The claimant answers, among other things, that the steamer "was a ship engaged in the transportation of merchandise and property between the ports of the United States of America, to wit, between the ports of Providence, R. I. and Norfolk, Va., and was engaged in the transportation of merchandise on the said 16th day of August, 1893; that the said Berkshire was in all respects seaworthy, properly manned, equipped, and supplied, and that by and under section 3 of the statute of the United States entitled 'An act relating to the navigation of vessels,' etc., approved February 13, 1893, and to go into effect the first day of July, 1893, the said steamship Berkshire is not responsible for the collision heretofore described, even if it resulted from faults or errors in the navigation or in the management of said steamship, inasmuch as the said collision occurred after said statute went into effect." To this part of the answer the libelant excepts.

W. G. Roelker, for libelants.

E. P. Carver, for claimant.

CARPENTER, District Judge, (after stating the facts.)  The whole of the act which is here pleaded, (27 Stat. 445,) seems to me to relate to the rights and liabilities of owners and shippers, as between themselves, with respect to the cargo; and the third section of the act, therefore, although in terms it exempts vessels and their owners from all liabilities whatever in certain cases, must be read with this limitation.  The frame of the act shows that this is the only purpose; and the exemption stated in the third section is apparently intended as a compensation to shipowners for the additional duties and liabilities put on them by the other sections of the act.

The construction for which the claimant contends is that the statute abolishes all liability and remedy for all marine torts of vessels transporting merchandise to or from any port in the United

States, provided the vessel be seaworthy and properly manned, equipped, and supplied, and leaves unaffected the liability of vessels transporting goods between other ports, and, perhaps, freight vessels in ballast, and also tug boats, pleasure boats, and vessels transporting only passengers. That a statute may be held to abrogate so large a branch of the admiralty law, it is necessary, as it seems to me, that the intent so to do shall appear by express words, or by absolutely necessary implication.

It is also to be observed that there is evidently no reason why the general rule of the admiralty should be changed in respect to this class of vessels, to the exclusion of others; and such partial change of the law is apt to introduce complications in the administration of rights in case of collision between vessels coming under this section and those not coming under it. For this reason, also, the construction which takes the literal words of the section to extend its force beyond the general scope of the act cannot be admitted, unless it be a necessary construction.

The exception will be sustained.